IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ERIC ARZATE**                                                                                    **PLAINTIFF**

v.                              No: 2:22-cv-00207-LPR-PSH

**DUMAS CITY JAIL,** *et al.*[1]                                                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Eric Arzate filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 7, 2022 (Doc. No. 1), and an application for leave to proceed *in forma pauperis* ("IFP") (Doc. No. 3). The Court subsequently granted Arzate's IFP

---

[1] The Clerk of Court is directed to terminate the Dumas City Jail as a defendant on the docket sheet for this case because is not listed as a defendant in Arzate's Amended Complaint (Doc. No. 6).

application and directed him to file an amended complaint naming the defendants he seeks to sue, explaining how they violated his constitutional rights, and describing how he was injured as a result. He was also instructed to specifically describe his serious medical needs and why he believes they were not treated appropriately. Finally, Arzate was instructed to indicate whether he sues defendants in their official and/or individual capacities. Arzate filed an amended complaint on December 6, 2022 (Doc. No. 6). For the reasons stated herein, Arzate's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C.

Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Arzate alleges that he slipped and fell at the Dumas City Jail on October 28, 2022, due to a water leak, and suffered physical injuries which were not treated. Doc. No. 6 at 4-5. He sues Chief Keith Finch and Jail Administrator Kantrice Anderson in their official capacities only and seeks money damages. *Id.* at 2 & 6. After filing his amended complaint, Arzate filed a supplement that included a description of certain jail policies and copies of grievances he filed (Doc. No. 7).

Arzate's official capacity claims are subject to dismissal. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, a suit against the defendants in their official capacities is in essence a suit against the County or city itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010);

*Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, the defendant city employees can only be held liable in their official capacities in this case if Arzate can establish that a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). Arzate complains that the defendants were aware of a water leak but took no action to fix it, and that he did not receive medical treatment after he slipped and fell. Arzate does not assert that a custom or policy of the City of Dumas was the moving force behind their actions. Accordingly, Arzate's official capacity claims should be dismissed.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Arzate's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 17th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE